IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL L. MARK, #1064829 | § | |
| VS. | § | CIVIL ACTION NO. 6:18cv309 |
| LEE ANN SPEARS, ET AL. | § | |

ORDER OF DISMISSAL

Plaintiff Michael L. Mark, an inmate confined at the Powledge Unit within the Texas Department of Criminal Justice (TDCJ) proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court previously dismissed Plaintiff's 2014, 2015, and 2016 claims as time-barred by separate order of partial dismissal, (Dkt. #46).

On December 16, 2021, Judge Mitchell issued a Report, (Dkt. #95), recommending that Defendants' motion for summary judgment limited to exhaustion, (Dkt. #74) be denied and that Plaintiff's remaining claims in this lawsuit be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted. Plaintiff has filed timely objections, (Dkt. #97).

A party objecting to a Magistrate Judge's Report must specifically identify those findings to which he objects. Frivolous, conclusory, or general objections need not be considered by the District Judge. *See Nettles v. Wainright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc). Furthermore, objections that simply rehash or mirror the underlying claims addressed in the Report are not sufficient to entitle the party to *de novo* review. *See U.S. v. Morales*, 947 F.Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the

1

objecting party to *de novo* review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'") (internal citations omitted); *see also Vega v. Artuz*, 2002 WL 31174466, at *1 (S.D. NY Sep. 2002) (unpublished) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations.").

Here, Plaintiff's objections demonstrate the accuracy of Judge Mitchell's Report. Specifically, with respect to Plaintiff's various access-to-courts claims, Plaintiff states on objection that "there[']s no way to reveal the magnitude of assistance that could've been attained. My conviction could be overturned already," (Dkt. #97, pg. 3), had prison officials not retaliated against him by impeding his right to access the courts.

This objection, however, confirms Judge Mitchell's specific findings that Plaintiff failed to plead or indicate actual injury—as speculation of actual injury does not suffice. *See Lewis v. Casey*, 518 U.S. 343, 351-55 (1996) (providing examples illustrating that concrete harm is required to show an access-to-courts violation—such that speculation of an actual injury would necessarily fail); *see also Breshears v. Brown*, 150 F. App'x 323, 325-26 (5th Cir. 2005) (unpublished) (affirming dismissal, summary judgment posture, stating "Breshears's access-to-the-courts claim has been and remains speculative."); *Silva v. BOP*, 2004 WL 1553471, at *6 (N.D. Tex. July 12, 2004) (explaining that speculation does not show prejudice necessary to sustain an access-to-courts claim). Plaintiff's remaining objections are his attempt to relitigate his claims.

The Court has conducted a careful *de novo* review of the record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct and Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that the Report and Recommendation of the United States Magistrate Judge, (Dkt. #95), is **ADOPTED** as the opinion of the Court. Plaintiff's objections, (Dkt. #97), are **OVERRULED**. Further, it is

**ORDERED** that Defendants' motion for summary judgment limited to exhaustion, (Dkt. #74), is **DENIED**. The remaining claims in Plaintiff's civil rights lawsuit are **DISMISSED**, with prejudice, for Plaintiff's failure to state a claim upon which relief may be granted. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

**SIGNED** this the 7 day of **February, 2022.**

_____
Thad Heartfield
United States District Judge